J. W. PEREGOY ET AL., APPELLANTS, V. F. D. KRANTZ
ET AL., APPELLEES.

[FILED DECEMBER 23, 1890.]

1. **Parent and Child:** CONVEYANCES BETWEEN. In the absence
   of a fraudulent intent, a father may accept from his son prop-
   erty in payment of an actual *bona fide* indebtedness, provided
   the fair value of the property does not exceed the amount of
   the debt.

2. **Evidence,** *held*, to sustain the findings and judgment of the trial
   court.

APPEAL from the district court for Madison county. Heard below before POWERS, J.

*D. A. Holmes,* for appellants.

*H. C. Brome,* for appellee Krantz.

NORVAL, J.

On June 5, 1886, the defendant, F. D. Krantz, and his wife conveyed the land in controversy, subject to a mortgage of $500, to the defendant, Fredrick Krantz, for the consideration expressed in the deed of conveyance, of $3,000. This suit was brought to set aside said deed, and to subject the real estate to the payment of certain judgments rendered in the district court of Madison county, in favor of the plaintiffs, and against F. D. Krantz and J. H. Middaugh. The plaintiffs claim that the deed was given without consideration, and for the purpose of hindering, delaying, and defrauding the creditors of F. D. Krantz. The defendant, Fredrick Krantz, in his answer admits the execution and delivery of the deed, alleges that at the time of the conveyance the defendant, F. D. Krantz, was justly indebted to him in the sum of $7,000, and that the conveyance was taken in good faith in part satisfaction of said indebtedness. There was a trial on the merits, and a judgment in favor of the defendants.

The material facts are as follows: In 1868 the defendant, Fredrick Krantz, located upon a tract of land adjoining that in controversy. Some time afterwards he bought the land in dispute of one John Lidton, and gave it to his son, F. D. Krantz, who was then about sixteen years old. The son lived with the father until he was twenty-three or twenty-four years of age, when he married and moved onto his own land. He resided there until 1883, when he moved to the town of Stuart, and engaged in the saloon business.

About this time the father sold his farm and moved upon his son's place. In 1884 the father moved to Oregon, where he remained a year, and then returned to Nebraska, stopping a while at Stuart. He next went to Camp Robinson. After staying there a short time he moved upon his son's farm, which he afterwards purchased, where he has since resided. The defendants, F. D. Krantz and J. H. Middaugh, were partners in the saloon business at Stuart, and the firm became indebted to the plaintiffs.

In the fall of 1886 the plaintiffs commenced their several suits in the district court of Madison county against F. D. Krantz and J. H. Middaugh, and caused the real estate in controversy to be attached as the property of F. D. Krantz. Afterwards judgment was rendered in favor of the plaintiffs in said suits, and the attached property was ordered sold.

It also appears from the testimony that Frederick Krantz let his son have several hundred dollars at the time he started in the saloon business; that subsequently from time to time he furnished him with different amounts of money; that at his son's request he paid various indebtedness of the son, and that of the firm of which the son was a member; that he sent him a car load of lumber and paid the freight thereon; that when Frederick Krantz went to Oregon he left in bank for collection several notes, the proceeds of which, when collected, were paid to the son, and that the amount of the son's indebtedness to the father at the time the land was purchased exceeded the sum of $4,000. Frederick Krantz gives in his testimony a pretty full and detailed statement of the various items of indebtedness of his son to him. He is corroborated to some extent by the receipts and notes introduced in evidence, and by the testimony of Dr. P. Schwenk, to whom the father had paid over $700 on the indebtedness of the son's firm.

It is claimed by Frederick Krantz that his son's indebt-

edness to him exceeded $7,000 when the deed was delivered. The testimony will not justify us in holding that the indebtedness was so large, but it does fully show that it was considererable more than $4,000, and far exceeded the value of the land conveyed. The fact that the above amount includes several hundred dollars paid by the father on the indebtedness of the son's firm can make no difference. It was paid at the son's request, and he was liable to the father therefor. We are convinced from a careful reading of the testimony in the case that the conveyance was made in the utmost good faith, for an honest purpose, and without any intention to defraud the son's creditors. There is an entire failure of proof to sustain the charge of fraud contained in the petition. In the absence of a fraudulent intent, a father may accept from his son property in payment of an actual *bona fide* indebtedness, provided the fair value of the property obtained does not exceed the amount of the debt. The judgment of the district court is sustained by the evidence, and is therefore

AFFIRMED.

THE other judges concur.